Obbie **MALLARD** and Daisy Mallard, his wife, Plaintiffs,

v.

M/V "GERMUNDO", a Finnish Flag Vessel, etc., Defendants.

No. 76–692–Civ–JLK.

United States District Court, S. D. Florida.

Jan. 25, 1982.

**726**

Reginald M. Hayden, Jr., George Telepas, Miami, Fla., for plaintiffs.

James L. Hurley, Miami, Fla., for defendants.

### ORDER DISQUALIFYING COUNSEL AND CONTINUING TRIAL

JAMES LAWRENCE KING, District Judge.

This matter is before the Court on the defendants' motion to disqualify the firm of Hayden & Milliken, P.A., Reginald Hayden, Jr., P.A., and Reginald Hayden, Jr., individually, from representing the plaintiffs in the trial of this case now set for February 1, 1982. The motion to disqualify was filed in this Court on January 7, 1982. On January 13, 1982, this Court held an evidentiary hearing on the motion to disqualify as required by the Fifth Circuit Court of Appeals in *Musicus v. Westinghouse Electric*

*Corp.*, 621 F.2d 742 (5th Cir. 1980). For reasons as follow, this Court concludes that the law firm and attorney must be disqualified from representing the plaintiffs in this case.

At the hearing on the motion to disqualify, the parties did not introduce any testimonial evidence, relying instead upon a stipulated set of facts, read into the record. It is therefore undisputed that at the inception of this litigation, William B. Milliken was the attorney in charge of the defense of this lawsuit for the law firm of Fowler, White, Burnett, Hurley, Banick & Strickroot. At that time, Mr. Milliken was an officer in that professional association. In the course of handling the case, he took a number of depositions, prepared a number of pleadings, oversaw and directed all investigations, and prepared and filed numerous motions and pleadings including a brief in an appeal taken to the United States Court of Appeals for the Fifth Circuit. He was completely responsible for the representation of the defendant by the Fowler, White law firm.

This lawsuit was instituted in 1976 by two attorneys on behalf of the plaintiffs. Those two attorneys, Reginald M. Hayden, Jr. and George Telepas, continue to serve as the plaintiffs' co-counsel to this very date. During the entire conduct of this lawsuit prior to January 31, 1981, Mr. Milliken and Mr. Hayden vigorously litigated against each other, acting as lawyers on behalf of their respective clients, in the various discovery, pleading, and investigatory activities in this suit.

On January 31, 1981, Mr. Milliken left the firm of Fowler, White to join Mr. Hayden in the practice of law in the newly formed law firm of Hayden & Milliken, P.A. Reginald Hayden, Jr., P.A., is a separate entity within the professional association of Hayden & Milliken, P.A. Reginald Hayden, Jr., has continued responsibility for representing the plaintiffs and will receive all fees flowing from that attorney-client relationship. William Milliken, individually or as an officer of Hayden & Milliken, P.A., has no direct financial interest in the outcome

of this lawsuit. It was stipulated that were Mr. Milliken and Mr. Hayden to testify, they would state under oath that they have never discussed this case since the new law partnership was formed and do not intend to do so. Counsel for the defendants (Mr. Hurley of Fowler, White) stated at the evidentiary hearing that he has no doubt that these assurances are true.

The fact, however, that Mr. Milliken was formerly a member of the defendants' law firm, with sole responsibility for the preparation and prosecution of the defense of this suit, and is now the new law partner of the lawyer for the plaintiffs, understandably causes the defendants some concern. Despite the confidence and trust expressed by defendants' counsel in the integrity of Mr. Hayden and Mr. Milliken, they have moved for disqualification under the ethical canon that attorneys should avoid even the appearance of impropriety (in this case, that a client's confidences might be violated by an attorney who joins an adversary in a pending lawsuit). A.B.A. Code of Professional Responsibility, Canon 4.

This case represents a classic conflict between the right to be represented by the counsel of one's choice, the right to ensure that confidences shared with an attorney shall forever remain inviolate, and the public interest, embodied in the canons of professional responsibility, in preserving such confidences by avoiding even the appearance of impropriety. That conflict here overlaps with the further disciplinary rule that the knowledge and possible confidences acquired by one lawyer are imputed to that lawyer's partners. *See* ABA Code of Professional Responsibility. Disciplinary Rule 5–105(D).

The governing rule in this Circuit is that an attorney is to be disqualified from representing an interest adverse to that of a former client, if there is a genuine threat that confidences revealed by the former client will be divulged to his present adversary. *Duncan v. Merrill Lynch, Pierce, Fenner & Smith*, 646 F.2d 1020, 1028 (5th Cir. 1981). *See also* A.B.A. Code of Professional Responsibility, Canon 4. The accepted test to determine whether the attorney acquired relevant confidential information is whether the matters embraced within the pending suit are substantially related to the matters or cause of action wherein the attorney previously represented the former client. *Id.* While the courts recognize an "irrebuttable presumption" that relevant confidential information was disclosed during the former period of representation, *id.*, it is obvious and the parties concede that Mr. Milliken acquired extensive confidential information from the defendants in this case; he was their lead attorney in defending this personal injury suit. Clearly, Mr. Milliken would be disqualified from representing the plaintiffs in the trial of this lawsuit. The problem here is whether that confidential information, and hence disqualification, must be imputed to Mr. Milliken's new law partner, Mr. Hayden.

The A.B.A. Code of Professional Responsibility provides: "If a lawyer is required to decline employment or to withdraw from employment under a disciplinary rule, no partner, or associate, or any other lawyer affiliated with him or his firm, may accept or continue such employment." Disciplinary Rule 5–105(D). The Fifth Circuit has interpreted this stricture, together with Canon 4, to warrant disqualification of an attorney associated with another attorney who would be disqualified because he received confidential information from an adversary in a related manner. *United States v. Kitchin*, 592 F.2d 900 (5th Cir. 1979). Disqualification was appropriate in *Kitchin* even though the adversary's former attorney did not participate in the case, and regardless of whether he actually disclosed confidential information to his new employee. *Id.* at 904.

This Court is aware that transgression of an ethical precept does not automatically require disqualification of counsel. *See Central Milk Producers Cooperative v. Sentry Food Stores, Inc.*, 573 F.2d 988 (8th Cir. 1978). The rule of disqualification "involves a balancing of the likelihood of public suspicion against the interest in retain-

ing counsel of one's choice." *Cossette v. Country Style Donuts, Inc.*, 647 F.2d 526, 530 (5th Cir. 1981). Certainly, substantial consideration is due the plaintiffs' right to go forward with their present counsel. In this case, the plaintiffs have been represented by Mr. Hayden and Mr. George Telepas for over five years. The case had been set for trial nearly a year ago, but was continued for just cause and reset for February 1, 1982. The Court is sympathetic to the plaintiffs' right to choose the counsel of their choice, and particularly their right to have their claims brought to justice in this court without undue delay. Unfortunately, the defendants filed their motion to disqualify less than one month before the case was scheduled to go to trial. Although other courts have denied motions to disqualify for conflicts of interest where the motions to disqualify were substantially delayed, the facts indicated that the moving parties in those cases had waived their objections to known conflicts of interest, stood on that waiver for an extended period of time, and then moved to disqualify at the eleventh hour. *See e.g., Central Milk Producers Cooperative, supra.* Mr. Hayden indicated in the hearing on the motion to disqualify that the plaintiffs' other attorney, Mr. Telepas, represents the plaintiffs only on the issue of damages. Mr. Hayden stated that he represented the plaintiffs on the issue of liability, and that it would take some time for another attorney to be able to become familiar enough with the liability issue to represent the plaintiffs adequately on that subject.

Nevertheless, despite the hardship that will accrue to the plaintiffs upon Mr. Hayden's disqualification, it is outweighed by the magnitude of the ethical considerations herein. As a district judge faced with a similar situation stated:

> What finally must be said is that Canon 9 of the Code of Professional Responsibility makes it obligatory that a lawyer should avoid even the appearance of professional impropriety. In our society lawyers have been granted significant privileges. It is in their interests, as well as in the preservation of the adversary system, that there be scrupulous adherence to proper dealing.

*General Electric Co. v. Valeron Corp.*, 428 F.Supp. 68, 74 (E.D.Mich.1977).

The defendants' right to be sure that their confidences are kept inviolate, the general policy of encouraging confidential communications between client and attorney, and the integrity of the judicial system in general outweigh the hardship upon the plaintiffs which will result from the disqualification of Mr. Hayden in this case. The presence of Mr. Telepas as co-counsel for the plaintiffs is significant in this respect, as the Court is confident Mr. Telepas will be able to assist the plaintiffs in finding another attorney competent to handle the liability issue. It is therefore

ORDERED and ADJUDGED that the defendants' motion to disqualify Mr. Reginald M. Hayden, Jr., in any capacity, from representing plaintiffs in this case be, and the same is hereby, granted. Mr. Hayden, acting individually or as part of any professional association is hereby disqualified from further representing the plaintiffs in this case. It is further

ORDERED and ADJUDGED that the trial in this case be, and the same is hereby, continued from the February 1, 1982 calendar to the March 22, 1982 calendar.